IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LARRY DAVID PEMBERTON,           )
                                  )
            Petitioner,           )
                                  )
     v.                           )    1:06CV837
                                  )
ROBERT HARDEN, Supt.,             )
Anson Correctional Ctr.,          )
                                  )
            Respondent.           )

**RECOMMENDATION OF MAGISTRATE JUDGE ELIASON**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As reflected by the records before the Court and admitted in the petition, a grand jury indicted Petitioner for robbery with a dangerous weapon on March 7, 2005. Following a jury trial held May 4-5, 2005 in Stanly County Superior Court, Petitioner was convicted of the lesser included offense of common law robbery and was sentenced to twenty-nine to thirty-five months imprisonment. He subsequently appealed his conviction, and the North Carolina Court of Appeals issued an unpublished opinion finding no error on April 18, 2006. Petitioner did not seek further review of his conviction in state court before filing the habeas corpus petition now before the Court.

**Facts**

In its unpublished opinion, the North Carolina Court of Appeals summarized the facts as follows:

On 20 January 2003, at approximately 12:30 p.m., Wal-Mart security officer Jerry Dean ("Officer Dean") observed Larry Pemberton ("defendant") in a Wal-Mart store putting soap, shampoo, and two toboggans inside his black leather jacket. Pursuant to Wal-Mart store policy, Officer Dean watched defendant until defendant exited the store. After defendant walked outside of Wal-Mart with the concealed items in his jacket, Officer Dean confronted defendant, identified himself, and asked defendant to accompany him back into the store. Defendant began running through the parking lot, and Officer Dean chased after defendant.

While in pursuit, defendant yelled to Officer Dean that he had a gun. Defendant pulled a silver pocketknife with the blade extended from his jacket, which defendant held up in the air while he continued to run. Officer Dean, who was about 10 feet away from defendant, slowed his pace.

Defendant continued running, and Officer Dean yelled to defendant, "Just give me back the merchandise." Defendant shed the jacket, and the merchandise scattered over the ground. Defendant continued running, and the merchandise was returned to the store.

State v. Pemberton, No. COA05-1083, 177 N.C. App. 288, 628 S.E.2d 260 (Table), 2006 WL 997780, at *1 (N.C. App. Apr. 18, 2006).

### Petitioner's Claims

Petitioner alleges that the trial court erred in (1) failing to dismiss the robbery with a dangerous weapon charge when there was no evidence of a weapon produced at trial, and (2) failing to give the jury clear instructions on how to fill out the verdict sheet.

### Discussion

In this case, Petitioner's habeas claims face two very different but equally fatal procedural problems. First, by neglecting to file a petition for discretionary review in the North Carolina Supreme Court, Petitioner failed to exhaust his state

-2-

Case 1:06-cv-00837-NCT-RAE   Document 12   Filed 08/07/07   Page 2 of 10

court remedies. As such, his claims are now procedurally barred. Second, even if this Court considers Petitioner's contentions on their merits, it cannot grant habeas relief unless Petitioner shows that the North Carolina Court of Appeals' earlier decision as to these claims was either contrary to clearly established federal law or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). No such showing has been made in this case. The Court will now examine each of these problems in greater detail.

**Procedural Bar**

In order to receive habeas relief on any claim, a petitioner must first exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). The rationale for this requirement is axiomatic.

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999). In a two-tiered appellate system like North Carolina's, "one complete round" includes not only direct appeal to the State's intermediate appellate court, but also the opportunity to petition for discretionary review in the North Carolina Supreme Court. See id. Claims not raised in a petition to the state's highest court are non-exhausted and therefore procedurally barred from federal habeas review. Id. Moreover, failure to exhaust state law remedies will result in the claims being procedurally barred from federal review

-3-

if, upon return to the state courts, those courts would find that the claims are procedurally barred. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998)(citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)). North Carolina General Statute § 15A-1419 imposes just such a mandatory procedural bar for claims that could have been presented on appeal or in a prior motion for appropriate relief. Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001).

In the present case, both of Petitioner's habeas claims are procedurally barred for failure to exhaust state court remedies. Petitioner only raised these claims on direct appeal to the North Carolina Court of Appeals, which found no error after considering his claims on their merits. He never filed a petition for discretionary review following this denial, and his window of opportunity to pursue this method of review may now be closed. As such, these claims are procedurally barred under O'Sullivan v. Boerckel and Breard v. Pruett.

**Review on the Merits**

Notwithstanding the failure to exhaust state court remedies, a federal court may consider such claims if they are without merit and will be dismissed as such. 28 U.S.C. § 2254(b)(2). When this Court considers Petitioner's claims on their merits despite the procedural bar, it must defer to the North Carolina Court of Appeals' earlier decision on the merits. Under 28 U.S.C. § 2254(d)'s highly deferential standard of review, habeas relief cannot be granted in cases where a state court has considered a claim on its merits unless (1) the decision was contrary to or

-4-

involved an unreasonable application of clearly established federal law as set out by the United States Supreme Court or (2) the state court decision was based on an unreasonable determination of the facts. A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 405 (2000). A state decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 413. "Unreasonable" is not the same as "incorrect" or "erroneous," and the reasonableness of the state court's decision must be judged from an objective, rather than subjective, standpoint. Id. at 409-410. A holding is not reasonable simply because precedent written by one of the Nation's jurists agrees with it. Id. As for questions of fact, state court findings of fact are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Here, both of Petitioner's habeas claims were raised on appeal to the North Carolina Court of Appeals and denied on their merits in that court's unpublished opinion. As will be seen, both claims fail to state a constitutional claim of error. Federal habeas corpus relief may not be granted for a mere error in applying state

law.  Thomas v. Taylor, 170 F.3d 466, 470 (4th Cir. 1999). Further, a federal court may not reexamine a state court's determination of state law.  Roach v. Angelone, 176 F.3d 210 (4th Cir. 1999).

In ground one, Petitioner claims that the trial court erred in failing to dismiss the robbery with a dangerous weapon charge because there is no evidence to support that charge.  In Petitioner's state court brief, he presented a somewhat confused argument to the court of appeals.  He first agreed with the trial court that his case was controlled by State v. Bellamy, 159 N.C. App. 143, 582 S.E.2d 663 (2003).  Later in his brief, however, Petitioner attempted to show that Bellamy was distinguishable on a number of grounds in a way that would support dismissal of his own charges.  This Court's review of Bellamy shows that it actually supports the trial judge's ruling.

In Bellamy, the defendant grabbed videotapes, ran out of the store into the parking lot, and ran to a dead end road where he turned and waived a pocket knife and threatened the employee who was chasing him.  The defendant was convicted of armed robbery.  On appeal, he alleged that the court erred by not dismissing that charge and in failing to instruct on misdemeanor larceny.  The North Carolina Court of Appeals overruled the objections and found that a pocketknife could be a dangerous weapon, and that the taking of the videos and the use of the pocketknife were part of a continuous transaction to accomplish the robbery.  The court of appeals found no error in the court submitting the armed robbery

-6-

charge to the jury.  It further found that, even if the defendant did not possess a pocketknife, the evidence showed that he issued the threat to use a knife and that this was sufficient for the armed robbery conviction.

Petitioner's argument in his state court brief is that <u>Bellamy</u> did not apply to his case because he was not cornered, as was the defendant in <u>Bellamy</u>.  This argument is simply inapposite to the legal principles stated by the court of appeals in <u>Bellamy</u>.  Moreover, this argument does not rely on any federal constitutional right and, therefore, is not cognizable in this habeas corpus action.

Nevertheless, the court of appeals did not rule on that issue because the Attorney General argued that any error in failing to dismiss the armed robbery charge was harmless because Petitioner was never convicted of that charge.  Instead, he was convicted of common law robbery, which is a lesser included offense of armed robbery, and only involves the taking by means of force (<u>State v. Staten</u>, 172 N.C. App. 673, 616 S.E.2d 650 (2005)) as opposed to obtaining the property by possession, use, or threatened use of a firearm or dangerous weapon (<u>State v. Pemberton</u>, <u>supra</u>).  In the instant habeas corpus proceeding, Petitioner fails to show how his constitutional rights were violated by the court of appeals' decision finding any error to be harmless.  Moreover, as stated above, there does not appear to be any error at all with respect to the state court's decision to submit the armed robbery charge to the jury.

Petitioner's second claim for relief is also meritless. For this claim, Petitioner argued that an error occurred in the trial because the verdict sheet set out four charges for which the Petitioner could be convicted, to wit: (1) guilty of robbery with a dangerous weapon, (2) guilty of common law robbery, (3) guilty of misdemeanor robbery, and (4) assault with a deadly weapon. Petitioner argued that the verdict sheet was confusing and that it was required to have the word "or" between the four charges. The jury returned a verdict and checked guilty for common law robbery, and not guilty for robbery with a dangerous weapon or assault with a deadly weapon. There was no check for the misdemeanor larceny charge. Petitioner claimed in the state appellate brief that this created ambiguity and confusion. The court of appeals rejected that claim, finding that the trial judge's instructions adequately informed the jury on how to fill out the verdict sheet and that the jury did not ask any questions.

On the petition form, it would appear that Petitioner may be attempting to raise additional claims of constitutional violations. Specifically, he asserts that the State has the burden of proving all essential elements of the charge, that Petitioner's counsel failed to object to the charge, and that this failure rendered counsel's assistance ineffective. However, to the extent Petitioner wishes to include additional claims of constitutional violation, the attempt is ineffective because he has not exhausted his state court remedies with respect to these additional claims. Petitioner only raised two claims in both his state court of

-8-

Case 1:06-cv-00837-NCT-RAE   Document 12   Filed 08/07/07   Page 8 of 10

appeals brief and in the grounds for relief section of the instant habeas petition, and those are considered here.  Any other claims have not even been raised to the state court, much less exhausted, and will not be considered by the Court.

With respect to claim two, the Court will not reexamine state court determinations on jury instructions to find errors of state law.  Rather, it is limited to deciding whether the conviction violated constitutional law.  <u>Estelle v. McGuire</u>, 502 U.S. 62 (1991).  When looking at jury instructions, the Court must consider all of the evidence surrounding the instructions as a whole, as opposed to artificially isolating any one part of the jury instruction process.  <u>Id.</u>  The Court then determines whether there was a reasonable likelihood that the jury applied the challenged instruction in a way that would violate the Constitution.  <u>Id.</u>

There is no indication that Petitioner raised a constitutional claim to the state court; but, to the extent this could be implied, the state court's decision that there was no evidence that the jury was confused by the instruction process is supported by the record and the same principles would be applied to any constitutional challenge to the instruction process.  It cannot be said that there is any reasonable likelihood that the jury rendered a verdict that, in some way, would have violated the Constitution because of the failure of the verdict form to contain the word "or" between the charges.

The strict standards mentioned previously for reviewing state court decisions clearly apply to the evaluation of Petitioner's

claims.  Petitioner has produced no evidence, let alone clear and convincing evidence, that the state court's decision was contrary to established federal law or was based on an unreasonable interpretation of the facts.  Absent such evidence, Petitioner's claims must be dismissed.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion for summary judgment (docket no. 5) be granted, that the habeas petition (docket no. 2) be denied, and that Judgment be entered dismissing this action.

_____
**United States Magistrate Judge**

August 7, 2007